UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO HERNANDEZ , JR., | 1: 07 CV 00112 LJO WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| ANTHONY J. MALFI, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.   Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On July 11, 2001, Petitioner was convicted of a violation of Vehicle Code Section 2800.2, reckless evasion of a uniformed peace officer; a violation of Vehicle Code section 1085(a), unlawful taking of a vehicle; and a violation of Penal Code section 487, grand theft.  With enhancements for prior convictions, the trial court sentenced Petitioner to a term of 27 years to life.

Petitioner filed a direct appeal to the California Court of Appeal.  On December 5, 2002, the

Court of Appeal affirmed Petitioner's conviction and sentence. Petitioner filed a petition for review with the California Supreme Court, which the court denied on February 19, 2003.

On December 17, 2003, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Kern County. The court denied the petition on December 24, 2003.

On June 18, 2004, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal. The court denied the petition on June 24, 2004.

On October 19, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on August 31, 2005.

On October 31, 2006, Petitioner filed the present petition in this court.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Respondent argues that the petition was filed after the one-year statute of limitations ran, and that it is therefore barred. Petitioner opposes the motion, but concedes that the petition was filed after the statute ran. Petitioner argues, however, that the California Supreme Court's denial of Petitioner's petition for writ of habeas corpus pursuant to In re Waltreus, 62 Cal.2d 218 (1965), is neither a ruling on the merits nor a denial on procedural grounds, and therefore has no bearing on his ability to raise a federal constitutional claim in federal court.

Petitioner's argument misses the mark. In re Waltreus concerns the analysis a court must make to determine whether a claim is procedurally barred. That is not the issue before the court in this case. The issue in this case is whether the petition is barred by the statute of limitations. Petitioner concedes that the petition was filed after the statute of limitations ran. Petitioner presents no argument for either statutory or equitable tolling. Accordingly, the court must conclude that this petition is untimely and dismiss it as barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's motion to dismiss is GRANTED;

1  2)      The petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

2  3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

4  IT IS SO ORDERED.

5  **Dated:   February 29, 2008**              **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE